referred forthwith to the General Assembly for its approval.

(No. 75-CV-112–

HENRY HALL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 1, 1975.*

HENRY HALL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on February 8, 1974, at 6339 South Carpenter, Chicago, Cook County, Illinois. Henry Hall, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat. 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "*Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Courts finds:

1. That the claimant, Henry Hall, age 47, was a

victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery." (*Ill. Rev. Stat. 1973, Ch. 38, §12-4*).

2. That on February 8, 1974, claimant was shot during a robbery attempt by a man in the hallway of an apartment building owned by claimant.

3. That statements, taken by the police investigators shortly after the crime was committed, present no substantial evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the assailant, Raymond Blevens, was convicted of Aggravated Battery in the Cook County Criminal Court on March 24, 1975. (Indictment #74-3707.)

6. That there is no evidence that the victim and his assailant were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

8. That the victim's loss of earnings during the period of his disability as a result of his injury is too speculative to calculate. In addition, since claimant has established medical expenses beyond the maximum award possible under the Act, such a calculation is unnecessary.

9. That the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

1) Hospital ........................................ $17,959.75
2) Medical ........................................ 3,100.00

$21,059.75

10. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $5,122.00. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶9, leaves an amount of compensable loss, sustained by the claimant of $15,737.75.

It Is Hereby Ordered that the sum of $10,000, the maximum award allowable under the Act, be awarded to the claimant, as the innocent victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the

claimant in the sum of $9,000.01 be referred forthwith to the General Assembly for its approval.